eweIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| KENNETH DEWAYNE DUNN,<br><br>    Plaintiff,<br><br>v.<br><br>RILEY LIVESTOCK, INC.,<br><br>    Defendant. | Civil Action No. 5:23CV-90-BJB<br>*Jury Demanded* |

FIRST AMENDED COMPLAINT FOR MALICIOUS PROSECUTION

Kenneth Dewayne Dunn, amends his complaint as a matter of right, for his cause of action against Riley Livestock, Inc., states:

*PARTIES, JURISDICTION, AND VENUE*

1.  Kenneth Dewayne Dunn is a resident of Dyer County, Tennessee.

2.  Riley Livestock, Inc. (herein after sometimes referred to as "Riley" in this Complaint) is believed to be a corporation formed in the State of Kentucky.

    a.  Upon the records of the Kentucky Secretary of State, Riley Livestock, Inc. (called, at times, "Riley Livestock" or "Riley" in this complaint), has represented that it is formed under the laws of Kentucky and has its principal office in the State of Kentucky. Its principal office is represented as P.O. Box 663, Mayfield, Kentucky 42066, and that its registered agent for service of process is Jeffrey M. Riley, 250 Brittian Lane, Mayfield, Kentucky 42066.

    b.  Upon information and belief, Riley may be served with process through its registered agent in the State of Kentucky.

3. Consequently, this Court has jurisdiction of this matter 28 U.S.C. §1332(a)(1):

    a. Complete diversity of citizenship exists between each Plaintiff and Defendant; and,

    b. The amount in controversy exceeds $75,000.00.

4. Riley wrongly and maliciously instituted criminal proceedings against Plaintiff Kenneth Dewayne Dunn in Graves County, Kentucky, and as the facts giving rise to the cause of action set out in this Complaint occurred in Graves County, Kentucky, venue is proper in this Court pursuant to 28 U.S.C. §§ 97(b), 1391(b).

## *FACTS*

5. Prior to the events described in this complaint, Kenneth Wayne Dunn had an existing customer relationship with Riley Livestock: Mr. Dunn purchased cattle from Riley Livestock and funded the purchase through First Community Bank.

6. The customer relationship extended back over approximately ten transactions between Mr. Dunn and Riley Livestock.

7. During the early portion of 2022, Mr. Dunn initiated a new transaction for the purchase of cattle.

8. To pay for the cattle, Mr. Dunn issued a check to Riley for the cattle he purchased, and he took delivery of the cattle.

9. For this this transaction, Mr. Dunn followed the same process that he had used several times before: he purchased cattle from Riley Livestock, then issued

a check for payment, and immediately notified his bank of the amount of the check so that it could be funded.

10. Later, Mr. Dunn learned that his financial institution had for some reason unknown to him failed to honor the draft he provided to Riley Livestock in payment of the subject cattle.

11. After the initial dishonor, Riley Livestock directly engaged and communicated with Mr. Dunn's financial institution to seek satisfaction of the draft, and worked with the Plaintiff's financial institution to have the check honored.

12. After a period of approximately a month and a half in working directly with Mr. Dunn's financial institution and Mr. Dunn to address the draft issued for the cattle, Riley sought criminal charges against Mr. Dunn to collect upon the draft that it knew was not written by Mr. Dunn fraudulently.

13. On or about June 25, 2022, at the insistence of Riley Livestock, Mr. Dunn was arrested upon criminal charges instituted by Riley in the District Court for Graves County, Kentucky; specifically, Riley caused to be instituted theft by deception charges in an amount in excess of $10,000.00 against Kenneth Dewayne Dunn under Graves County Warrant Number E04210004262132.

14. A copy of the Complaint Warrant executed on Plaintiff by his arrest is attached as Exhibit A to this complaint, which is incorporated here.

15. A copy of the Uniform Citation showing the arrest of Plaintiff is attached as Exhibit B to this complaint, which is incorporated here. Exhibit B has been redacted in accordance with Fed. R. Civ. P. 5.2.

16. As far as Plaintiff is aware, no other documents remain in existence regarding his criminal case, because after dismissal of his criminal charges, he moved for expunction under the applicable Kentucky statutes, and that expunction was granted.

17. Nonetheless, Kenneth Dewayne Dunn was charged with a crime, theft by deception (Kentucky Revised Statutes §514.040) on an affidavit of complaint made by Riley Livestock, Inc.

18. Riley Livestock, Inc. directly and intentionally initiated, continued, and procured a criminal judicial proceeding against Kenneth Dewayne Dunn in the State of Kentucky.

19. June 25, 2022, was the first date that Plaintiff learned of or knew of the issuance of criminal charges against him.

20. Mr. Dunn was released from his initial arrest, after arraignment, on June 27, 2022. A copy of the document showing Mr. Dunn was arrested and released on a bail bond is attached as Exhibit C to this complaint and is incorporated here.

21. Riley Livestock specifically knew at the time the criminal charges were issued against Mr. Dunn that probable cause did not exist to institute criminal charges against Kenneth Dewayne Dunn.

22. Fed. R. Civ. P. 9(b) provides: "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Notwithstanding this plain provision of law providing that Mr. Dunn need not plead specifically regarding the intent, malice, or other state of mind of Riley Livestock, Inc., he does provide the

4

following examples of how Riley Livestock, Inc. knew that probably cause for a crime did not exist:

    a.    The applicable criminal statute provides: "A person is guilty of theft by deception when the person obtains property or services of another by deception with intent to deprive the person thereof. A person deceives when the person intentionally . . . . Issues or passes a check or similar sight order for the payment of money, **knowing that it will not be honored by the drawee**[.]" KRS 514.040 (emphasis added).

    b.    Riley Livestock, Inc. specifically knew at the time Mr. Dunn provided the check that led to the criminal charges that Mr. Dunn did not have knowledge that the check would be dishonored by the drawee, because the same process that had been used in the past was used in the transaction that led to the criminal charges.

    c.    After receiving the check, Riley Livestock, Inc. had numerous communications directly with the bank for Plaintiff Dunn, and those communications provided additional information to Riley Livestock, Inc. prior to when it instituted criminal charges that showed, definitively, that Kenneth Dewayne Dunn had not written any check with knowledge that it would be dishonored.

    d.    Mr. Dunn had followed a procedure used in other transactions and approved by his bank, and Riley Livestock had been working with Mr. Dunn's bank to address the draft.

23. Riley Livestock provided false and misleading information to law enforcement officials: specifically, for example, Riley Livestock knew, by its course of dealings with Mr. Dunn and its direct and repeated communications with his financial institution, that had had not committed any fraud with respect to the check he issued to Riley Livestock and Riley Livestock specifically knew that Kenneth Dewayne Dunn did not know that his check would be dishonored at the time he wrote the check.

24. Examples of electronic mail messages are (the messages are excerpted from chains of emails):

```
-------- Original message --------
From: Maryann Hunter <maryann@rileylivestock.com>
Date: 5/20/22 9:51 AM (GMT-06:00)
To: dunndwayne <dunndwayne@rocketmail.com>
Subject: RE: RETURNED CHECK

It has not and I have called him 3 times this week and all 3 times the girl that answered said he would call me back, but he has not
thanks

From: dunndwayne <dunndwayne@rocketmail.com>
Sent: Friday, May 20, 2022 9:50 AM
To: Maryann Hunter <maryann@rileylivestock.com>
Subject: RE: RETURNED CHECK

Mary Ann,

Just checking to make sure that the money has been sent from my banker.

Thanks
Dwayne


Sent from my Verizon, Samsung Galaxy smartphone
```

a. This message demonstrates that Mr. Dunn was working with his bank and Riley Livestock to make sure his check was paid and that he did not know the check would be dishonored at the time it was written. Riley

Livestock knew that also, and worked with Mr. Dunn for several weeks knowing that his bank was promising to pay the check.

> **From:** Maryann Hunter <maryann@rileylivestock.com>
> **Sent:** Friday, June 17, 2022 5:19 PM
> **To:** Cindy Riley <cindy@rileylivestock.com>
> **Subject:** RE: Dwayne Dunn check
>
> Cindy,
> Sorry for delay, I had to run to the bank before they closed.
>
> I say we go ahead and send them down there after him. I know they want SS and driver's license, which I think is ridiculous –We have address and phone number and his place of employment.
> Someone told me he was our insurance agent at Marshall County ?? I'd say send them to his place of business at this point.
>
> His banker did email me Monday (maybe) been a long week. I feel like we'd of had it by now. So I'm ready to move forward.

b. This message demonstrates the existence of direct communication by the banker for Mr. Dunn, and the fact that direct communications existed between Riley Livestock and Mr. Dunn indicating the check was being paid.

> -------- Original message --------
> **From:** Maryann Hunter <maryann@rileylivestock.com>
> **Date:** 6/17/22 8:31 PM (GMT-06:00)
> **To:** dunndwayne <dunndwayne@rocketmail.com>
> **Cc:** Scott Foster <scott.foster@fcbheartland.com>
> **Subject:** FW: Dwayne Dunn check
>
> Mr. Dunn
>
> I'm not real sure why I'm sending you an update, this will be the last one. As you can see it's Friday night and I'm still here at 8:30pm and have been here since 7:00am – that is every day.
> I can no longer try to collect this money on my own. I feel like I've been fair enough and this is not like us to involve the law, but I've never had to deal with this before and I've been here 35 years.
>
> Thank you
> Mary Ann

c. This message demonstrates that the entire matter was a collection case, not a criminal case and that the criminal charges were

instituted out of frustration and not any genuine belief in the existence of probable cause.

25. The actions of Riley Livestock were malicious – for example, the company (through its agents) knew of the procedure for funding the purchase by Mr. Dunn, knew that he had made arrangements with his bank for the funding.

26. At the time of the issuance of the criminal charges against Mr. Dunn, Riley Livestock and its representatives knew that there was no factual basis for the issuance of criminal charges against Mr. Dunn, and only took the step of instituting criminal charges to collect a contractual debt.

27. The criminal charges against Mr. Dunn were dismissed and he obtained an expungement of the criminal charges.

28. The criminal charges instituted against Mr. Dunn at the insistence, action, and instance of Riley Livestock were terminated in Mr. Dunn's favor on or about July 27, 2022, and his cause of action accrued at that time under *Dunn v. Felty*, 226 S.W.3d 68, 73 (Ky. 2007) and *Render v. Marlowe*, No. 2019-CA-1058-MR, 2022 WL 981840, at *3 (Ky. Ct. App. Apr. 1, 2022), *review denied* (Oct. 12, 2022).

29. The favorable termination was this: a dismissal of all criminal charges against Kenneth Dewayne Dunn.

30. The malicious prosecution of criminal charges against Kenneth Dewayne Dunn by Riley has damaged Kenneth Dewayne Dunn in an amount to be determined, but not to exceed One Hundred Thousand and No/100 Dollars ($100,000.00).

31. In addition, Riley Livestock is directly responsible for and should be liable for the wrongful detention of Mr. Dunn by direct restraint from June 25, 2022, to June 27, 2022.

32. Riley Livestock acted intentionally and maliciously in wrongly instituting criminal charges against Kenneth Dewayne Dunn, and an award of punitive damages should be made in this instance.

33. The award of punitive damages should be made in an amount not to exceed Two Hundred Thousand and No/100 Dollars ($200,000.00).

WHEREFORE, premises considered, Kenneth Dewayne Dunn prays:

A. That process issue and be served on Riley Livestock, Incorporated, and that it be required to answer the Complaint or default judgment be granted;

B. For judgment against Riley Livestock, Incorporated for compensatory and punitive damages not to exceed Two Hundred Thousand Dollars ($200,000.00);

C. That a jury be empaneled to try the issues when joined.

D. For such other relief to which he may be entitled in accordance with laws of the State of Kentucky and the facts and circumstances of this cause.

                      ASHLEY ARNOLD

                      /s/Matthew W. Willis
                      Matthew W. Willis, #95419
                      322 Church Street
                      P.O. Box H
                      Dyersburg, TN  38025-2008
                      Tel. No. (731) 285-5074
                      Fax No. (731) 285-5089
                      matt@ashleyarnold.com

                      *Attorneys For Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a copy of the document to which this certificate is attached was served upon Brad Miller, attorney for defendant, through the Court's ECF system on August 30, 2023.

/s/Matthew W. Willis